# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

PAULA PEREZ,

      Plaintiff,

v.                                                         CASE NO.: _____

THE FINISH LINE, INC.,
a Foreign corporation,

      Defendant.
_____/

## THE FINISH LINE, INC.'S NOTICE OF REMOVAL

Defendant, THE FINISH LINE, INC. ("Defendant"), submits this Notice of Removal

under 28 U.S.C. § 1446. As grounds, Defendant states:

1.      28 U.S.C. § 1441(a)-(b) provides in relevant part that any action over which this

Court has *original* jurisdiction may be removed and that, when no federal question is present, an

action is removable if none of the defendants is a citizen of the state in which the action is

brought. Specifically, 28 U.S.C. § 1441(a)-(b) states:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place
> where such action is pending. 28 U.S.C. § 1441(a).
>
> Any civil action of which the district courts have original jurisdiction founded on
> a claim or right arising under the Constitution, treaties or laws of the United
> States shall be removable without regard to the citizenship or residence of the
> parties. Any other action shall be removable only if none of the parties in interest
> properly joined and served as defendants is a citizen of the State in which such
> action is brought. 28 U.S.C. § 1441(b).

2.      28 U.S.C. § 1332(a)(2) provides in relevant part:



CASE NO:

> The district courts shall have *original* jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (2) citizens of a State and citizens or subjects of a foreign state; . . . .
>
> (italics added)

3.    28 U.S.C. § 1332(c)(1) provides in relevant part:

> For the purposes of this section and section 1441 of this title
>
> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business . . . .

4.    Plaintiff, PAULA PEREZ ("Plaintiff"), instituted this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on November 18, 2005 (Case No. 05-22722 CA 20).  In her complaint, Plaintiff alleged that Defendant violated Fla. Stat. § 540.08 by publishing her image in advertising media other than those agreed to by the parties.  Regarding damages, Plaintiff alleged only that they exceeded the state circuit court's minimum jurisdictional amount of $15,000.00.  True and correct copies of all process and pleadings served in this action are incorporated by reference as Composite Exhibit "A".[1]

5.    This court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

[1]    Because of the voluminous nature of the exhibits incorporated and referenced in this notice, each incorporated exhibit has been separately filed.  Additionally, Composite Exhibit "A" includes copies all documents served and filed in the circuit court, except for copies of discovery material.  *See* S.D. Fla. L. R. 26.1(B).

2

CASE NO:

6.     Because this Notice of Removal is filed within thirty (30) days of Defendant's receipt of an "other paper" -- specifically, the May 8, 2006 deposition of the Plaintiff revealing the actual amount in controversy -- it is timely under 28 U.S.C. § 1446(b). Specifically, at her deposition, Plaintiff testified that she was entitled to compensation in excess of $250,000.00 for Defendant's unauthorized use of her image, which established that the amount in controversy exceeds $75,000.00. *See* relevant excerpts of Plaintiff's deposition and exhibit, incorporated by reference as Composite Exhibit "B" (Nos. 4, 5). Upon taking the Plaintiff's deposition, Defendant ascertained for the first time that this Court indeed had jurisdiction over the case and that the case could properly be removed from state court.

7.     <u>DIVERSITY OF CITIZENSHIP</u>. Plaintiff is, and was at the institution of this civil action, a citizen of Spain and an alien temporarily residing in the United States pursuant to a work visa of three years duration. <u>See</u> Composite Exh. "B" at No. 1, pp. 11 - 16, 29 - 30, and corresponding exhibits (Nos. 2 and 3).

8.     Defendant is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Indiana, having its principal place of business in the State of Indiana. *See* State of Florida corporate documents, incorporated by reference as Composite Exhibit "C"; *see also* Composite Exh. "A", Compl. at ¶ 3 (" . . . Defendant was and is a foreign corporation licensed to and doing business in Miami-Dade County, Florida").

9.     Thus, diversity of citizenship exists between the parties. *See Foy v. Schantz, Schatzman & Aaronson, P.A*, 108 F.3d 1347 (11th Cir. 1997); *see also In re Air Crash Disaster*

CASE NO:

*Of Aviateca Flight 901 Near San Salvador, El Salvador On Aug. 9, 1995*, 29 F. Supp. 2d 1333, 1351 (S.D. Fla. 1997).[2]

10.   AMOUNT-IN-CONTROVERSY EXCEEDS $75,000.00.   The amount-in-controversy requirement clearly is satisfied in this case.  As established for the first time in the Plaintiff's May 8, 2006 deposition, Plaintiff claims she is entitled to compensation for Defendant's alleged improper usage in the amount of at least $250,000.00, in addition to unspecified royalties.  *See* Composite Exh. B, No. 4 at pp. 68 - 81, and corresponding exhibit (No. 5); *see also* Plaintiff's Response to Defendant's First Set of Interrogatories, at pp. 3, 6 (Interrogatory Nos. 4, 9), incorporated by reference as Exhibit "D".

11.   Accordingly, the preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See, e.g., Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) (removing party need show only by a preponderance of the evidence that the amount in controversy exceeds jurisdictional limits), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

12.   REMOVAL IS TIMELY.  As set forth above, this notice of removal is filed within thirty (30) days of receipt by the Defendant of an "other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).

13.   Where the initial complaint states merely that the desired damages meet the jurisdictional requirements of the state court, the case is not yet removable to federal court.  *See Essenson v. Coale*, 848 F. Supp. 987, 988-89 (M.D. Fla. 1994).  Such was the case here, since Plaintiff's Complaint alleges simply that "[t]his is an action for compensatory and punitive

---

[2]      Even if Plaintiff was deemed to be a Florida citizen as a resident alien domiciled in the state, complete diversity still would exist because Defendant is an Indiana corporation. *See* 28 U.S.C. § 1332 (a) (1).

damages in excess of the jurisdictional limits of this court." See Composite Exh. "A", Compl. at ¶ 1. Defendant therefore lacked the ability to remove the case to this Court upon receiving the Complaint.

14.    A case not initially removable may later *become* removable if a defendant receives by some "other paper" that the federal jurisdictional requirements are met, at which time the defendant has 30 days to remove the case to federal court. *See Essenson*, 848 F. Supp. at 987; *see also Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354 (S.D. Fla. 1998). A deposition has been recognized as "other paper" for purposes of the removal statute. *See Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D. Mich. 1997) (multiple citations omitted); *see also Huffman v. Saul Holdings LP*, 194 F.3d 1072, 1078 (10th Cir. 1999) (removal period commences with giving of testimony); *Brooks v. Solomon Co.*, 542 F. Supp. 1229, 1230 (N.D. Ala. 1982) (plaintiff's deposition qualified as "other paper" establishing basis for removal); *Mendez v. Cent. Garden & Pet Co.*, 307 F. Supp. 2d 1215, 1222 (M.D. Ala. 2003) (same).

15.    Accordingly, because Defendant files this Notice of Removal within 30 days of the Plaintiff's May 8, 2006 deposition, Defendant has met the prerequisites for removal under 28 U.S.C. § 1446(b).

16.    The prerequisites for removal under 28 U.S.C. § 1441 have also been met.

17.    This case is being removed to the United States District Court for the Southern District of Florida, Miami Division, because this district encompasses the state court from which this case is being removed, that being the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* 28 U.S.C. § 89(b).

18.     If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that the case is removable.

WHEREFORE, the Defendant, desiring to remove this case to the United State District Court for the Southern District of Florida, prays that the filing of this Notice of Removal with this Court and the filing the Notice of Removal with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida shall effect the removal of this case.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by U.S. Mail this **26th** day of **May**, 2006 to:  Peter M. Capua, Esq., Lorenzo & Capua, Courthouse Plaza, 11th Floor, 28 West Flagler Street, Miami, FL  33130, Fax: 305-374-4058.

GORDON HARGROVE & JAMES, P.A.
Attorneys for The Finish Line, Inc.
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL  33308
Telephone:     (954) 958-2500
Facsimile:     (954) 958-2513

By:     _____
        JOHN R. HARGROVE
        Florida Bar No.: 173745
        jhargrove@ghj.com
        DANA J. McELROY
        Florida Bar No.:  845906
        dmcelroy@ghj.com

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

PAULA PEREZ

**DEFENDANTS**

THE FINISH LINE, INC., a Foreign Corporation

**(b)** County of Residence of First Listed Plaintiff **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **n/a**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Peter M. Capua, Esq.  (305) 374-6518
Lorenzo & Capua, P.A.
Courthouse Plaza, 11th Floor
Miami, FL 33130

Attorneys (If Known) Dana J. McElroy, Esq.
Gordon Hargrove & James, P.A.
2400 E. Commercial Blvd., Ste. 1100, Ft. Laud.

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS 33308

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Re-filed- (see VI below)

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE

DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. 1332 (diversity)
Claim for violation of Fla. Stat. 540.08

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE

5-26-06

FOR OFFICE USE ONLY

AMOUNT $250.00   RECEIPT # 140961   IFP