UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-21360
CIV-COOKE
MAGISTRATE JUDGE BROWN (ORDER OF REFERRAL 5/31/06)

PAULA PEREZ,

        Plaintiff,

v.

THE FINISH LINE, INC., a Foreign corporation,
VORHEES STUDIOS, INC., a Foreign
corporation, MICHAEL VORHEES,
KATHLEEN VORHEES, MC$^2$ MODELS MIAMI,
LLC, a Florida limited liability company
f/k/a KARIN MODEL, USA, LLC,
and KHALID SALAAM

        Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, PAULA PEREZ (hereinafter "Plaintiff") files this cause of action against

Defendants; THE FINISH LINE, INC. (hereinafter "Finish Line"); VORHEES STUDIOS, INC.

(hereinafter "Vorhees"); MICHAEL VORHEES; KATHLEEN VORHEES; MC$^2$ MODELS

MIAMI, LLC (hereinafter "MC$^{2}$"); and KHALID SALAAM.

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for compensatory damages in excess of the jurisdictional limits

of this court.

2.      Plaintiff, at all times material to this action, was and is a resident and/or

domiciliary of Miami-Dade County, Florida.

3.     At all times material to this action, Finish Line was and is a foreign corporation licensed to and doing business in Miami-Dade County, Florida.

4.     Finish Line is in the business of selling footwear and clothing, including athletic shoes, recreational boots, jerseys, accessories, and the like, within the United States including, but not limited to, Miami-Dade County, Florida.

5.     At all times material to this action, Finish Line engaged in marketing and campaigning its products through advertisements including the use of models.

6.     At all times material to this action, Vorhees was and is a foreign corporation who conducted business in Miami-Dade County, Florida.

7.     Vorhees is a photography studio which is in the business of taking photographs for various purposes including, but not limited to, advertising campaigns by its clients including, but not limited to, Finish Line.   Vorhees conducts business within the United States and, at all times material herein, was conducting business with Finish Line and the other defendants in Miami-Dade County, Florida.

8.     At all times material to this action, Vorhees engaged in marketing and campaigning its photography work through photographs taken of models including photographs of Plaintiff.

9.     Michael and Kathleen Vorhees are residents of California and at all times material were the sole owners and employees of Vorhees and either in their individual capacity or on behalf of Vorhees.

10.     At all times material to this action, MC$^2$ was and is a Florida corporation licensed to and doing business in Miami-Dade County, Florida.

11.     $MC^2$ is a successor in interest to Karin Models USA, LLC which was doing business as Karin Models.

12.     $MC^2$ is a modeling agency and represents models in various capacities of modeling work including photo shoots for photographic images used by various entities/persons including, but not limited to, the named defendants herein, for print advertising.

13.     At all times material to this action, $MC^2$ engaged in marketing its models from its office in Miami-Dade County, Florida to different clients including, but not limited to the named defendants herein.

14.     At all times material, Khalid Salaam was the owner and/or booking agent of $MC^2$ who represented Plaintiff and procured a job for her through negotiations in Miami-Dade County, Florida with the named defendants herein, on November 16, 2004 in Miami-Dade County, Florida. At all times material, Khalid Salaam acted either in his individual capacity or on behalf of $MC^2$.

15.     At all times material herein, $MC^2$ had an agreement with Plaintiff which in no uncertain terms provided that Plaintiff approve any use of her name, likeness, photographs and/or voice for purposes of publicity or advertising. This agreement is attached hereto as Exhibit "A".

16.     On or about November 16, 2004, Plaintiff executed an agreement whereby she authorized Finish Line to use her image for display within a catalogue and for only one (1) year (see agreement executed by Michael Vorhees, on behalf of Finish Line, and Paula Perez dated November 16, 2004 attached hereto as Exhibit "B").

## COUNT 1 – ACTION AGAINST FINISH LINE PURSUANT TO FLA. STAT. §540.08

Plaintiff realleges paragraphs 1 through 16 as if set forth fully herein.

17.     Plaintiff is a professional model who at all times material herein was obtaining work through MC$^2$.

18.     Finish Line caused to be published or published certain advertisements containing photographic images of Plaintiff in other advertising media for marketing and campaigning its products worldwide including, but not limited to, in Miami-Dade County, Florida, without the express written or oral consent required by Plaintiff.

19.     That at all times material to this action, Finish Line violated Fla. Stat. §540.08. More specifically, Finish Line violated Fla. Stat. §540.08 by publishing photographic images of Plaintiff in advertising media, including "point of sale," and other than within the catalogue for purposes of marketing and campaigning its products within the United States including, but not limited to Miami-Dade County Florida, without the express, written or oral consent given by Plaintiff.

20.     Pursuant to Fla. Stat. §540.08, Plaintiff is entitled to reasonable royalties, and any other such damages for any loss or injuries sustained by Plaintiff by reason of Finish Line's breach.

WHEREFORE, Plaintiff demands judgment against Finish Line for compensatory damages, cost and attorney's fees pursuant to Fla. Stat. §540.08 and §448.08 and requests trial by jury on all issues so triable as of right.

## COUNT II – ACTION AGAINST FINISHLINE FOR BREACH OF CONTRACT

Plaintiff realleges paragraphs 1 through 18 as if fully set forth herein.

21.     The agreement attached as Exhibit "B" is a valid and enforceable contract that was entered into by Plaintiff and Finish Line through Finish Line's authorized representative, Michael Vorhees.

4

22.     At all times material herein, Michael Vorhees, Kathleen Vorhees, and Vorhees Studios were authorized representatives of Finish Line.

23.     Finish Line breached this agreement by virtue of its having published photographic images of Plaintiff in advertising media, including point of sale and other than within the catalog for purposes of marketing and campaigning its products within the United States including, but not limited to, Miami-Dade County, Florida, without the express, written or oral consent given by Plaintiff.

24.     As a result of Defendant's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Finish Line including, but not limited to, reasonable royalties, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests further relief this court deems just and proper and demands trial by jury.

## COUNT III – CONVERSION CLAIM AGAINST FINISH LINE

Plaintiff realleges paragraphs 1 through 18 as if fully set forth herein.

25.     Finish Line obtained and used the property of Plaintiff, specifically the photographs in question, either with the intent to temporarily or permanently deprive Plaintiff of her property and to appropriate the property to Finish Line for Finish Line's own use and gain.

26.     Finish Line's actions constitute an act of dominion – wrongfully asserted over Plaintiff's property inconsistent with its ownership therein.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Finish Line including, but not limited to, reasonable royalties, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests further relief this court deems just and proper and demands trial by jury.

## COUNT IV – ACTION AGAINST VORHEES PURSUANT TO
## FLA. STAT. §540.08

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

27.     At all times material herein, Vorhees knew or should have known that Plaintiff's

agreement with $MC^2$ provided that any use of her name, likeness, photographs, and/or voice for

purposes of publicity and advertising for Plaintiff or the agency had to be approved by Plaintiff.

28.     On or about November 16, 2004, Michael Vorhees, pursuant to the November 16,

2004 agreement, took various photographs of Plaintiff.  Thereafter and on November 19, 2004,

$MC^2$ invoiced Vorhees for Plaintiff's work for the catalog.  Plaintiff was ultimately paid one-

thousand ($1,000.00) as reflected in the invoice attached as Exhibit "C".

29.     On or about December 20, 2004 and January 6, 2005, Vorhees invoiced Finish

Line for work performed by Vorhees on behalf of Finish Line.

30.     On December 26, 2004 and January 6, 2005, Vorhees invoiced Finish Line and

conveyed rights to Plaintiff's image – which it did not have – to Finish Line in consideration for

the invoiced amounts totaling in excess of $72,000.00.  The invoices read in pertinent part:

> "...NATIONAL PHOTO USAGE GRANTED TO THE FINISH
> LINE FOR ONE-TIME USE FOR 'THE FINISH LINE' IN-STORE
> MAGAZINE, IN-STORE P.O.S. WEBSITE AND DIRECT MAIL
> ONLY. PHOTO USAGE GRANTED IS CONTINGENT UPON
> FULL PAYMENT OF FINAL INVOICE.  MICHAEL VORHEES
> RETAINS ALL RIGHTS PER IMAGE.   ANY OTHER
> EXECUTION INVOLVING THESE IMAGES OR ANY PORTION
> OF AN IMAGE MUST BE NEGOTIATED FIRST.  IMAGES
> CANNOT BE SOLD OR USED TO PROMOTE OR ADVERTISE
> FOR ANY PRODUCT OR COMPANY OTHER THAN THE
> FINISH LINE STORES.   LICENSED USE: (6) MONTHS
> NATIONAL (USAGE OUTLINED ABOVE)."

31.     The granting by Vorhees of the usage of images, including Plaintiff's image, as

designated above, was negotiated without any rights whatsoever of Vorhees to Plaintiff's

image(s) and without any express, written or oral consent given by Plaintiff.

6

32.     Vorhees, at all times material herein, knew or should have known that Plaintiff's agreement, as reflected in Exhibit "B", was with Finish Line, for the use of her image in a catalog and only for a one-year period.

33.     Thus, Vorhees caused to be published certain advertisements containing photographic images of Plaintiff in other advertising media for marketing and campaigning Finish Line's products worldwide including, but not limited to, in Miami-Dade County, Florida, without the express, written or oral consent required by Plaintiff.

34.     That at all times material to this action, Vorhees violated Fla. Stat. §540.08. More specifically, Defendant violated Fla. Stat. §540.08 by causing to be published photographic images of Plaintiff in advertising media, including "point of sale", "in-store magazines", "websites" and other advertising media other than that within a catalog for one year – pursuant to the agreement contained in Exhibit "B" – for purposes of marketing and campaigning Finish Line's products worldwide including, but not limited to, in Miami-Dade County, Florida, without the express, written or oral consent required by Plaintiff.

35.     Pursuant to Fla. Stat. §540.08, Plaintiff is entitled to reasonable royalties and any other such damages for any loss or injuries sustained by Plaintiff by Vorhees' breach.

WHEREFORE, Plaintiff demands judgment against Vorhees for compensatory damages, costs and attorney's fees pursuant to Fla. Stat. §540.08 and §448.08 and requests trial by jury on all issues so triable as of right.

## COUNT V – CONVERSION CLAIM AGAINST VORHEES

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

36.     Vorhees knowingly obtained and used the property of Plaintiff, specifically the photographs in question, either with the intent to either temporarily or permanently deprive

Plaintiff of her property and to appropriate the property to Finish Line for Vorhees' own use and gain.

37.    Vorhees' actions constitute an act of dominion - wrongfully asserted over Plaintiff's property inconsistent with its ownership therein.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT VI – CONVERSION CLAIM AGAINST MICHAEL VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35  as if fully set forth herein.

38.    Michael Vorhees knowingly obtained and used the property of Plaintiff, specifically, the photographic images at issue, either with the intent to either temporarily or permanently deprive Plaintiff of her property and to appropriate the property to his and Vorhees' own use.

39.    Michael Vorhees' actions constitute an act of dominion - wrongfully asserted over Plaintiff's property inconsistent with his ownership therein.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Michael Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT VII – CONVERSION CLAIM AGAINST KATHLEEN VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs  1 through 16 and 27 through 35 as if fully set forth herein.

40.     Kathleen Vorhees knowingly obtained and used the property of Plaintiff, specifically, the photographic images at issue, either with the intent to either temporarily or permanently deprive Plaintiff of her property and to appropriate the property to her and Vorhees' own use.

41.     Kathleen Vorhees' actions constitute an act of dominion wrongfully asserted over Plaintiff's property inconsistent with her ownership therein.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Kathleen Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT VIII – FRAUDULENT MISREPRESENTATION AS TO DEFENDANT VORHEES

Plaintiff realleges paragraphs  1 through 16 and 27 through 35 as if fully set forth herein.

42.     Vorhees' actions of granting rights – which it did not have – were done intentionally and without knowledge of Plaintiff.

43.     Vorhees intended that Finish Line would rely on Vorhees' representations that it had certain rights to Plaintiff's image – which it knew it did not have – and Finish Line relied on Vorhees' representations.  Plaintiff relied on Vorhees to represent the terms of the actual agreement (Exhibit "B"), executed by her, to Vorhees' client, Finish Line.  As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line, and Vorhees' causing to be published, photographic images of Plaintiff beyond the scope and the terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Vorhees including, but not limited to, attorney's fees pursuant to Fla.

Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT IX – NEGLIGENT MISREPRESENTATION AS TO DEFENDANT VORHEES

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

44.      Vorhees' actions of granting rights – which it did not have – were done negligently because Vorhees should have known this statement to be false, and without knowledge of Plaintiff.

45.      Vorhees' intended that Finish Line would rely on Vorhees' representations that it had certain rights to Plaintiff's image – which it did not have – and Finish Line relied on Vorhees' representations.   Plaintiff relied on Vorhees to represent the terms of the actual agreement, (Exhibit B) executed by her – to Vorhees' client, Finish Line.   As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and Vorhees is causing to be published, photographic images of Plaintiff beyond the scope and the terms of the agreement contained in Exhibit B.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT X – FRAUDULENT REPRESENTATION AS TO DEFENDANT MICHAEL VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

46.      Michael Vorhees' actions of granting rights – which it did not have – were done intentionally and without knowledge of Plaintiff.

47.    Michael Vorhees intended that Finish Line would rely on his representations that it had certain rights to Plaintiff's image – which he knew he did not have – and Finish Line relied on his representations.  Plaintiff relied on Michael Vorhees to represent the terms of the actual agreement (Exhibit "B"), executed by her, to Vorhees' client, Finish Line.  As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line, and Michael Vorhees' causing to be published, photographic images of Plaintiff beyond the scope and terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Michael Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XI – NEGLIGENT MISREPRESENTATION AS TO DEFENDANT MICHAEL VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

48.    Michael Vorhees' actions of granting rights – which it did not have – were done negligently because he should have known this statement to be false, and without knowledge of Plaintiff.

49.    Michael Vorhees' intended that Finish Line would rely on his representations that it had certain rights to Plaintiff's image – which he did not have – and Finish Line relied on his representations.  Plaintiff relied on Michael Vorhees to represent the terms of the actual agreement, (Exhibit B) executed by her – to Vorhees' client, Finish Line.  As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and Michael Vorhees' causing to be published, photographic images of Plaintiff beyond the scope and the terms of the agreement contained in Exhibit B.

11

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Michael Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XII – FRAUDULENT MISREPRESENTATION AS TO DEFENDANT KATHLEEN VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

50.     Kathleen Vorhees' actions of granting rights – which it did not have – were done intentionally and without knowledge of Plaintiff.

51.     Kathleen Vorhees intended that Finish Line would rely on her representations that it had certain rights to Plaintiff's image – which she knew she did not have – and Finish Line relied on her representations.  Plaintiff relied on Kathleen Vorhees to represent the terms of the actual agreement, executed by her (Exhibit "B"), to Vorhees' client, Finish Line.  As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and Kathleen Vorhees' causing to be published photographic images of Plaintiff beyond the scope and terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Kathleen Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08 for taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XIII – NEGLIGENT MISREPRESENTATION AS TO DEFENDANT KATHLEEN VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

52.     Kathleen Vorhees' actions of granting rights – which it did not have – were done negligently because she should have known this statement to be false, and without knowledge of Plaintiff.

53.     Kathleen Vorhees intended that Finish Line would rely on her representations that it had certain rights to Plaintiff's image – which it did not have – and Finish Line relied on her representations.   Plaintiff relied on Kathleen Vorhees to represent the terms of the actual agreement, (Exhibit B) executed by her – to Vorhees' client, Finish Line.   As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and Kathleen Vorhees' causing to be published, photographic images of Plaintiff beyond the scope and the terms of the agreement contained in Exhibit B.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Kathleen Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.   Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XIV – TORTIOUS INTERFERENCE WITH THE CONTRACTUAL RELATIONSHIP AS TO DEFENDANT VORHEES

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

54.     Notwithstanding Vorhees' knowledge of the terms of the agreement within Exhibit "B", Vorhees granted rights relating to the use of Plaintiff's image in violation of the agreement that it signed on behalf of Finish Line.

55.     Vorhees' actions constitute intentional and unjustified interference with Plaintiff's agreement with Finish Line.

56.     As a proximate result of Vorhees' intentional interference with the contract, Plaintiff has sustained damages including those recoverable pursuant to Fla. Stat. §540.08;

reasonable royalties.... and any other such damages for any loss or injury sustained by Plaintiff by reason of Vorhees' breach.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XV – TORTIOUS INTERFERENCE WITH THE CONTRACTUAL RELATIONSHIP AS TO DEFENDANT MICHAEL VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

57.     Notwithstanding Michael Vorhees' knowledge of the terms of the agreement within Exhibit "B", Michael Vorhees granted rights relating to the use of Plaintiff's image in violation of the agreement that be signed on behalf of Finish Line.

58.     Michael Vorhees' actions constitute intentional and unjustified interference with Plaintiff's agreement with Finish Line.

59.     As a proximate result of Michael Vorhees' intentional interference with the contract, Plaintiff has sustained damages including those recoverable pursuant to Fla. Stat. §540.08; reasonable royalties.... and any other such damages for any loss or injury sustained by Plaintiff by reason of his breach.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Michael Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, for taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XVI - TORTIOUS INTERFERENCE WITH THE CONTRACTUAL RELATIONSHIP AS TO DEFENDANT KATHLEEN VORHEES, INDIVIDUALLY

Plaintiff realleges paragraphs 1 through 16 and 27 through 35 as if fully set forth herein.

60.     Notwithstanding Kathleen Vorhees' knowledge of the terms of the agreement within Exhibit "B", she granted rights relating to the use of Plaintiff's image in violation of the agreement that Michael Vorhees signed on behalf of Finish Line.

61.     Kathleen Vorhees' actions constitute intentional and unjustified interference with Plaintiff's agreement with Finish Line.

62.     As a proximate result of Kathleen Vorhees' intentional interference with the contract, Plaintiff has sustained damages including those recoverable pursuant to Fla. Stat. §540.08; reasonable royalties…. and any other such damages for any loss or injury sustained by Plaintiff by reason of her breach.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Kathleen Vorhees including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XVII – ACTION AGAINST MC$^2$ PURSUANT FLA. STAT. §540.08

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

63.     Upon information and belief, MC$^2$ conveyed, to all named defendants, that they could use Plaintiff's image for advertising by Finish Line in advertising media including, but not limited to websites, in-store Point of Sale advertisements, in-store magazines, and other advertising media.

64.     In view of the actions of MC$^2$, MC$^2$ caused to be published certain advertisements containing photographic images of Plaintiff in other advertising media worldwide including, but not limited to, in Miami-Dade County, Florida without the express, written or oral consent given by Plaintiff.

65.     That at all times material to this action, MC$^2$ violated Fla. Stat. §540.08.  More specifically, MC$^2$ violated Fla. Stat. §540.08 by causing to be published photographic images of Plaintiff in advertising media, including "point of sale", in-store magazines, websites, and other advertising media other than within a catalog for purposes of marketing and campaigning Finish Line's products worldwide including, but not limited to, in Miami-Dade County, Florida without the express, written or oral consent given by Plaintiff.

66.     Pursuant to Fla. Stat. §540.08, Plaintiff is entitled to reasonable royalties and any other such damages for any loss or injuries sustained by Plaintiff by reason of MC$^2$'s breach.

WHEREFORE, Plaintiff demands judgment from MC$^2$ for compensatory damages, costs and attorney's fees pursuant to Fla. Stat. §540.08 and §448.08 and requests trial by jury on all issues so triable as of right.

## COUNT XVIII – FRAUDULENT MISREPRESENTATION AS TO DEFENDANT MC2

Plaintiff realleges paragraphs 1 through 16 and 63 through 66 as if fully set forth herein.

67.     MC$^2$'s actions of granting rights – which it did not have – were done intentionally and without knowledge of Plaintiff.

68.     MC$^2$ intended that Finish Line would rely on representations of the other named defendants that it had certain rights to Plaintiff's image – which it knew it did not have – and Finish Line relied on its representations.  Plaintiff relied on MC$^2$ to represent to the named defendants the actual terms of the agreement Plaintiff had with MC$^2$ (Exhibit "A").  As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and MC$^2$ causing to be published photographic images of Plaintiff beyond the scope and terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against MC$^2$ including, but not limited to, attorney's fees pursuant to Fla. Stat.

§448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XIX – NEGLIGENT MISREPRESENTATION AS TO MC$^2$

Plaintiff realleges paragraphs 1 through 16 and 63-66 as if fully set forth herein.

69.      MC$^2$'s actions of granting rights – which it did not have – were done negligently and because it should have known this statement to be false, without knowledge of Plaintiff.

70.      MC$^2$ intended that Finish Line would rely on representations of the other named defendants that it had certain rights to Plaintiff's image – which it knew it did not have – and Finish Line relied on its representations. Plaintiff relied on MC$^2$ to represent to the named defendants the actual terms of the agreement Plaintiff had with MC$^2$ (Exhibit "A"). As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and MC$^2$ causing to be published photographic images of Plaintiff beyond the scope and terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against MC$^2$ including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XX – FRAUDULENT MISREPRESENTATION AS TO DEFENDANT KHALID SALAAM

Plaintiff realleges paragraphs 1 through 16 and 63-66 as if fully set forth herein.

71.      Khalid Salaam's actions of granting rights – which he did not have – were done intentionally and without knowledge of Plaintiff.

72.      Khalid Salaam intended that Finish Line would rely on his representations that it had certain rights to Plaintiff's image – which he knew he did not have – and Finish Line relied

on these representations. Plaintiff relied on Khalid Salaam to represent to the named defendants the actual terms of the agreement Plaintiff had with MC$^2$ (Exhibit "A"). As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and MC$^2$ causing to be published photographic images of Plaintiff beyond the scope and terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Khalid Salaam including, but not limited to, attorney's fees according to Fla. Stat. §448.08 for taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XXI – NEGLIGENT MISREPRESENTATION AS TO DEFENDANT KHALID SALAAM

Plaintiff realleges paragraphs 1 through 16 and 63-66 as if fully set forth herein.

73.     Khalid Salaam's actions of granting rights – which he did not have – were done negligently because he should have known the statement to be false, and without knowledge of Plaintiff.

74.     Khalid Salaam intended that Finish Line would rely on his representations that it had certain rights to Plaintiff's image – which he knew he did not have – and Finish Line relied on his representations. Plaintiff relied on Khalid Salaam to represent to the named defendants the actual terms of the agreement Plaintiff had with MC$^2$ (Exhibit "A"). As a result, Plaintiff has been damaged by virtue of the publishing by Finish Line and Khalid Salaam causing to be published photographic images of Plaintiff beyond the scope and terms of the agreement contained in Exhibit "B".

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Khalid Salaam including, but not limited to, attorney's fees pursuant to

Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XXII - TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS BETWEEN PLAINTIFF AND FINISH LINE AS TO DEFENDANT, MC²

Plaintiff realleges paragraphs 1 through 16 and 63-66 as if fully set forth herein.

75.     Notwithstanding MC²'s knowledge of the terms of the agreement within Exhibit "A", it granted rights relating to the use of Plaintiff's image to the named defendants in violation of this agreement that it signed with Plaintiff.

76.     MC²'s actions constitute intentional and unjustified interference with Plaintiff's prospective business relations with Finish Line.

77.     As a proximate result of MC²'s intentional interference, Plaintiff has sustained damages including those recoverable pursuant to Fla. Stat. §540.08; reasonable royalties.... and any other such damages for any loss or injury sustained by Plaintiff by reason of MC²'s breach.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against MC² including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest. Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

## COUNT XXIII - TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS BETWEEN PLAINTIFF AND FINISH LINE AS TO DEFENDANT KHALID SALAAM

Plaintiff realleges paragraphs 1 through 16 and 63-66 as if fully set forth herein.

78.     Notwithstanding Khalid Salaam's knowledge of the terms of the agreement within Exhibit "A", Khalid Salaam granted rights relating to the use of Plaintiff's image to the named defendants in violation of this agreement that it signed with Plaintiff.

19

79.     Khalid Salaam's actions constitute intentional and unjustified interference with Plaintiff's prospective business relations with Finish Line.

80.     As a proximate result of Khalid Salaam's intentional interference, Plaintiff has sustained damages including those recoverable pursuant to Fla. Stat. §540.08; reasonable royalties.... and any other such damages for any loss or injury sustained by Plaintiff by reason of Vorhees' breach.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against Khalid Salaam including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

<u>**COUNT XXIV – AN ACTION FOR BREACH OF CONTRACT**</u>
<u>**AS TO DEFENDANT MC$^2$**</u>

Plaintiff realleges paragraphs 1 through 16 and 63-66 as if fully set forth herein.

81.     At all times material herein, MC$^2$ had an agreement with Plaintiff which in no uncertain terms provided that Plaintiff approve any use of her name, likeness, photograph and/or voice for purposes of publicity or advertising.  See agreement attached as Exhibit "A".

82.     At all times material herein, this was a valid and enforceable contract. Notwithstanding the unambiguous terms of the contract, MC$^2$ breached the terms of the contract by conveying rights to Plaintiff's image which it did not have.

83.     As a result of MC$^2$'s breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this court to enter judgment in favor of Plaintiff for money damages against MC$^2$ including, but not limited to, attorney's fees pursuant to Fla. Stat. §448.08, taxable costs and prejudgment interest.  Plaintiff also requests such other relief this court deems just and proper and demands trial by jury.

Respectfully submitted,

LORENZO & CAPUA
Peter Marcellus Capua, P.A.
Courthouse Plaza - 11th FL
28 West Flagler Street
Miami, FL 33130
Telephone: (305) 374-6518
Telecopier: (305) 374-4058

By: _____
       Peter M. Capua